UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M.R.S. ENTERPRISES, INC. )
    Plaintiff )
)  **05-40163 FDS**
v. )
)
SHEET METAL WORKERS' INTERNATIONAL )
ASSOCIATION LOCAL 63, AFL-CIO )
    Defendants )

RECEIPT # 404659
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED
BY DPTY CLK
DATE 9-19-05

**COMPLAINT**

**COUNT I**

1. Plaintiff, M.R.S. Enterprises, Inc. ("MRS"), is and has been at all times material herein, a corporation duly organized and existing by virtue of the laws of the State of Connecticut, with a principal place of business at 41 Northwest Drive, Plainville, Connecticut 06062.

2. MRS, in the course and conduct of its business, causes and continuously has caused at all times herein mentioned large quantities of building equipment used by it in building construction within the State of Connecticut and the Commonwealth of Massachusetts to be purchased and transported in interstate commerce from and through various states of the United States other than the State of Connecticut and the Commonwealth of Massachusetts. In connection with its business,

MRS receives directly from points outside of the State of Connecticut and the Commonwealth of Massachusetts materials and equipment having an annual value far in excess of $50,000.00.

3. MRS is and has, at all times material herein, been engaged in commerce within the meaning of the Labor Management Relations Act ("the Act").

4. The jurisdiction of this Court is based upon Section 301 of the Act, 29 USC §185.

5. Defendant, Sheet Metal Workers' International Association Local 63 ("Local 63") is a labor organization within the meaning of the Act with a principal place of business at 29 Endicott Street, Worcester, Massachusetts 01610.

6. At all times material herein, a collective bargaining relationship between MRS and the Sheet Metal Workers International Association (SMWIA) has been governed by a collective bargaining agreement between the parties known as the National Siding and Decking Agreement (the Agreement).

7. Pursuant to the Agreement, MRS is permitted to perform siding and decking work utilizing sheet metal workers from locals in every state including Massachusetts.

8. MRS also has a collective bargaining agreement with The International Association of Bridge, Structural and Ornamental Ironworkers, Local 57.

9. MRS was involved in a construction project at the University of Massachusetts Hospital in Worcester, Massachusetts where it installed the installation of rib panel siding and framing.

10. In early 2005 a dispute arose between MRS and Local 63 when MRS assigned the above-described installation of rib panel siding and framing to its employees represented by Iron Workers Local 57. MRS was a subcontractor to Permasteelisa, a manufacturer of rib panel siding, and the subcontract required that Iron Workers install the siding.

11. Local 63 filed a contractual grievance against MRS claiming a violation of the Agreement as a result of the assignment of the disputed work to Iron Workers.

12. A hearing was held before the Siding and Decking Arbitration Board appointed by the SMWIA and the NSDA on July 19, 2005 in Southfield, Michigan.

13. On August 19, 2005 the Siding and Decking Arbitration Board determined that MRS had violated the Agreement by hiring Iron Workers rather than Sheet Metal Workers to perform the siding work at the University of Massachusetts Hospital project. No monetary award was issued at that time because the Union had failed to present the man-hours worked by Iron Workers on the project. The Arbitration Board retained jurisdiction to determine a monetary award if the parties could not agree on the actual hours worked within 60 days of August 19, 2005. A copy of that decision is attached hereto as Exhibit A.

14. The Siding and Decking Arbitration Board is a board comprised of equal numbers of representatives of employers who are signatory to an agreement with the SMWIA and union representatives appointed by the President of the SMWIA. There are no neutral panelists.

15. Due to the composition of the Siding and Decking Arbitration Board, there was evident partiality of the arbitrators.

16. The Siding and Decking Arbitration Board exceeded its authority in issuing its decision ordering MRS to pay monetary damages to Local 63.

17. The Siding and Decking Arbitration Board decision must be vacated.

18. MRS has no fair, adequate and complete remedy at law.

WHEREFORE, Plaintiff prays for an Order of this Court:

1. Vacating the August 19, 2005 determination of the Siding and Decking Arbitration Board, determining that MRS violated the National Siding and Decking Agreement with Local 63 by assigning work related to the installation of rib panel siding to Iron Workers.

2. For such further relief as this Court deems appropriate.

                                            M.R.S. ENTERPRISES, INC.
                                            By its Attorney

DATED: September 19, 2005

                                            James F. Grosso – BBO 213320
                                            O'Reilly, Grosso & Gross, P.C.
                                            1671 Worcester Road, Suite 205
                                            Framingham, MA 01701-5400
                                            Tel: 508/620-0055
                                            Fax: 508/620-7655

NATIONAL SIDING AND DECKING AGREEMENT
SIDING AND DECKING ARBITRATION BOARD
MINUTES AND DECISION

Location:
25800 Northwestern Highway, Ste. 1000
Southfield, Michigan 48075

SHEET METAL WORKERS LOCAL NO. 38
and
MRS ENTERPRISES
Filed:
August 2, 2004 and August 16, 2004

SHEET METAL WORKERS LOCAL NO. 63
and
MRS ENTERPRISES
Filed:
July 19, 2004

MONDAY, JULY 18, 2005

| | |
|---|---|
| Present for the Employer: | Roland Levesque, Sr., MRS Enterprises |
| Present for the Union: | John Tarr, Business Representative, SMWIA Local 38<br>Mark Andrews, Business Representative, SMWIA Local 63 |
| Arbitration Board: | H. Dean Ball, SMWIA International Representative<br>Brad L. Plueger, SMWIA International Representative<br>Richard Pellar, Crown Corr, Inc.<br>Jolaine Boudart, CCL Construction |
| Others Present: | Cynthia J. Billings, National Siding and Decking Association<br>Rich McClees, SMWIA |

## SMWIA LOCAL 38 AND MRS ENTERPRISES

The Hearing commenced at 12:16 p.m. The members of the Arbitration Board appointed Richard Pellar Chairman, Brad Plueger Secretary and Cynthia Billings recording secretary. All parties agreed that the procedural aspects of the grievance have been satisfied.

Mr. Tarr presented the case for Local 38 alleging that MRS Enterprises violated its collective bargaining agreement by employing carpenters to perform sheet metal work at the Greenwich Hospital project in Greenwich, Connecticut and further, by employing carpenters to perform sheet metal work on the Unilever project in Trumbull, Connecticut. Mr. Tarr presented

- 1 -

a schedule of hours to the Arbitration Board which provided that between July 26, 2004 and August 13, 2004, MRS Enterprises awarded 392 man hours of metal siding work to carpenters.

Mr. Levesque stated that on both the Greenwich and the Unilever jobs, MRS had a combination of sheet metal workers, carpenters, and iron workers. He stated that the carpenters have taken over the industry in New England and, as such, he is not able to compete using either iron workers or sheet metal workers. Mr. Levesque also stated that the siding and decking training program never got off the ground and, as such, all siding and decking employees that he hired he had to hire off the street and train himself.

Mr. Levesque stated that the sheet metal workers wage and fringe package was approximately 30% higher than that of the carpenters. At this time, Mr. Levesque presented a wage sheet for the Sheet Metal Workers Local 38 dated July 1, 2003 through June 30, 2004 showing a total package of $52.49 per hour. He also presented a wage sheet for the Central Connecticut Carpenters, Millwrights and Pile Drivers, Locals 24, 43, and 210 for the time period May 3, 2003 through May 2, 2004 showing a total package of $35.40 per hour.

Mr. Levesque also presented a written schedule to the Arbitration Board setting forth the man hours for the Greenwich project - 339 hours iron workers, 1,339 hours sheet metal workers, and 1,184 hours for carpenters.

With respect to the Unilever project, Mr. Tarr presented a written schedule to the Arbitration Board showing that the carpenters were awarded work that fell under the Siding and Decking Agreement totaling 1,632 man hours.

Mr. Levesque presented a written schedule to the Arbitration Board setting forth the man hours for the Unilever project showing that the carpenters were employed 3,458 hours, sheet metal workers were employed 2,673 hours and iron workers were employed 381 hours. He stated again, that the sheet metal rate was $52.49 vs. the carpenter rate of $35.40. He also confirmed that neither Greenwich or Unilever were prevailing wage jobs.

At this time, Mr. Levesque asked for clarification as to whether or not Mr. McClees was on the Arbitration Board. Chairman Pellar stated that originally there were to be six panelists, three for management and three for the union, however, one of management's panelists was unable to attend the hearing. As such, it was agreed that there would be a total of four panelists and that Mr. McClees would not have a vote in this matter. Chairman Pellar advised Mr. Levesque that if he would prefer, Mr. McClees would be excused from the hearing and all of his comments would be stricken from the record. Mr. Levesque stated that that was not necessary.

At this time, Mr. Tarr was excused from the meeting and Mr. Andrews was invited in. Mr. Andrews stated that he filed a grievance against MRS for hiring iron workers to perform siding and decking work at the U-Mass Hospital in Worchester, Massachusetts. Mr. Levesque explained that the job involved the installation of siding (rib panels) and some framing. Mr. Levesque also stated that his contract with Permasteelisa required that iron workers be hired for the project. Mr. Levesque referred to paragraph 23 of his contract with Permasteelisa which provides:

-2-

> 23. Should questions of jurisdiction arise, the Contractor shall immediately take steps to settle such disputes and will use such labor as may be determined to have jurisdiction, at no additional costs to the Owner or Construction Manager. Contractor will be responsible for time lost and monetary damages because of delays arising from such disputes. **ALL LABOR JURISDICTION DISPUTES WILL BE SETTLED WITH LOCAL UNION NO. 57 AT NO ADDITIONAL COST TO THE OWNER.**

Mr. Levesque explained that Local Union No. 57 is the iron worker local.

There was discussion with respect to the above-referenced paragraph and paragraph 22 which provides as follows:

> 22. All work furnished and installed by or through this Contractor shall be fabricated and installed using only experienced labor having jurisdiction. This Contractor shall advise the Construction Manager immediately of any labor disputes experienced or anticipated. It is understood that MRS Enterprises, Inc. has the sole responsibility to assign this contract work and the assignment of work will be to the carpenters. It is also noted that this assignment of work cannot result in the project being shut down due to labor disputes. MRS will provide an alternate to provide a composite crew with Carpenters and Ironworkers.

Mr. Ball asked if there were any other writings that would require iron workers on this job. Again, Mr. Levesque referred him to paragraph 23 of the Permasteelisa contract. In addition, Mr. Levesque stated that he believes there may have been some reference in the bid documents that also required iron workers. Mr. Levesque stated that the project was put out to bid twice and as such he was having difficulty remembering whether it was the first bid request, the second bid request, or both that required iron workers.

Chairman Pellar stated for the record that MRS had rescinded the siding and decking contract and asked if MRS was signatory to any other national or local union contracts. Mr. Levesque stated that MRS was signatory to the Ironworkers International Agreement and the Carpenters local agreement. Mr. Levesque also stated that MRS was no longer signatory to any sheet metal agreements. Mr. Andrews stated that MRS' signatory status with the Sheet Metal Workers was in dispute.

There being no further questions, the parties were excused from the hearing at 1:10 p.m. The Arbitration Board reconvened at 1:15 p.m.

## DECISION OF ARBITRATION BOARD

### Local 63 Grievances

**A.  Greenwich Project**

The Arbitration Board first considered whether or not MRS violated the National Siding and Decking Agreement by using carpenters rather than sheet metal workers on the Greenwich project. There was discussion over Mr. Levesque's comments that he did, in fact, hire carpenters based on the fact that their total package was 30% less than the total package for sheet metal workers. After discussion, there was unanimous agreement that MRS violated the National Siding and Decking Agreement on the Greenwich project.

**B.  Unilever Project**

After discussion, and based on the fact that MRS admitted that they used carpenters due to the 30% difference in the total package, it was unanimously determined that MRS violated the National Siding and Decking Agreement.

### Monetary Award

Greenwich project. The Arbitration Board considered that Mr. Levesque reported that he had 1,584 hours for carpenters on his payroll, however, because the union only grieved 392 hours, the Arbitration Board determined that the monetary award would be based on 392 man hours and that, further, it would be based on the wage package for sheet metal workers as submitted by Mr. Levesque totaling $52.49 per hour. Total damages on the Greenwich project were determined to be $20,576.08 (392 hrs. x $52.49).

Unilever project. The Arbitration Board considered that Mr. Levesque reported that he had 3,458 hours for carpenters on his payroll, however, because the union only grieved 1,632 hours, the Arbitration Board determined that the monetary award would be based on 1,632 man hours and that, further, it would be based on the wage package for sheet metal workers as submitted by Mr. Levesque totaling $52.49 per hour. Total damages on the Unilever project were determined to be $85,663.68 (1,632 hrs. x $52.49).

### Local 63 Grievance - U-Mass Hospital

The Board first discussed whether or not MRS violated the National Siding and Decking Agreement. There was discussion with respect to the fact that MRS' contract with Permasteelisa required carpenters and not iron workers, and the fact that there was a contradiction between Mr. Levesque's testimony and the actual contract. Specifically, the contract gave MRS sole responsibility to assign the work to the carpenters, yet Mr. Levesque testified that he assigned the work to the iron workers.

After careful consideration, it was determined that MRS Enterprises violated the National Siding and Decking Agreement by hiring iron workers rather than Sheet Metal Workers to perform siding and decking work at the U-Mass Hospital project.

Monetary award. As no man hours were submitted by either the local or Mr. Levesque concerning this project, the Arbitration Board determined that it will retain jurisdiction of this matter to allow the parties to work out damages. If the parties are not able to resolve damages within 60 days from the date specified below, they are each required to submit a position statement to the Arbitration Board and a hearing will be held with respect to this matter.

This matter concluded at 2:09 p.m.

Dated: August 19, 2005

_Richard Pellar -w/permission_
Richard Pellar

_Blair Boudart -w/permission_
Blair Boudart

_Brad Plueger -w/permission_
Brad Plueger

_H. Dean Ball w/permission_
H. Dean Ball

W04170 S 8a29/52400/min

- 5 -



%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET  05-40163

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
M.R.S. Enterprises, Inc.

**DEFENDANTS**
Sheet Metal Workers' International Association Local 63

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400    508/620-0055

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §185
Brief description of cause: This is a suit to vacate an arbitration award in a labor case.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
None
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 9/19/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) M.R.S. Enterprises, Inc. v. Sheet Metal Workers International Association Local No. 63

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   M.R.S. Enterprises, Inc. v Sheet Metal Workers International Association, et al   C.A. No. 05-CV-10694JLT

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                                      YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?         YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                      YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                      YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [X]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                                      YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  James F. Grosso, Esquire
ADDRESS  O'Reilly, Grosso & Gross, P.C. 1671 Worcester Rd., Suite 205, Framingham, MA 01701-5400
TELEPHONE NO.  508/620-0055

(CategoryForm.wpd - 2/15/05)