UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC. )<br>　　　　Plaintiff, )<br> )<br>v. )<br> )<br>SHEET METAL WORKERS INTERNATIONAL )<br>ASOSCIATION LOCAL 63, AFL-CIO, )<br>　　　　Defendants )<br>_____) | C.A. NO. 05-40163-FDS |

**SHEET METAL WORKERS INTERNATIONAL
ASOSCIATION LOCAL 63's ANSWER**

Sheet Metal Workers Local 63 hereby answers the Complaint as follows:

1. Admits the allegations set forth in paragraph 1.

2. Admits the allegations set forth in paragraph 2.

3. Admits the allegations set forth in paragraph 3.

4 Admits the allegations set forth in paragraph 4.

5. Admits the allegations set forth in paragraph 5.

6. Admits the allegations set forth in paragraph 6.

7. Admits the allegations set forth in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Admits the allegations set forth in paragraph 9.

10.  Admits the allegations of the first sentence except alleges that the dispute arose in 2004, and denies the allegations of the second sentence set forth in paragraph 10.

11.  Admits the allegations set forth in paragraph 11.

12. Admits the allegations set forth in paragraph 12, except alleges that the hearing took place on July 18, 2005.

13. Denies the allegations set forth in paragraph 13, and refers the Court to the Board's decision for its full content and meaning.

14. Admits the allegations set forth in paragraph 14.

15. Denies the allegations set forth in paragraph 15

16. Denies the allegations set forth in paragraph 16.

17. Denies the allegations set forth in paragraph 17.

18. Denies the allegations set forth in paragraph 18.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief may be granted.

## COUNTERCLAIM

For its counterclaim, defendant Sheet Metal Workers Local 63 alleges as follows:

1. The National Siding and Decking Agreement to which the parties were bound provides that the grievance procedures in that agreement "are the sole and exclusive remedy for any asserted breaches of this Agreement;" that grievances not resolved in early steps of the grievance procedure may be taken by either party to the Siding and Decking Arbitration Board; that the Board consist of equal numbers of members appointed by the Union and the Employer Association; and that "the decision of the Arbitration Board shall be final and binding."

2. The Agreement also provides that the Board's awards are judicially enforceable and that "if the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorneys fees in addition to such relief as is directed by the

courts."

3. The Board's August 19, 2005 decision concerning plaintiff's liability to defendant is final and binding and as enforceable as any traditional arbitration award under 29 U.S.C. §301.

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing plaintiff's complaint, confirming the Board's August 19, 2005 decision, and awarding Local 63 its costs and attorneys fees in connection with this proceeding.

Dated: October 26, 2005          Respectfully submitted,


                                 Christopher N. Souris
                                 BBO #556343
                                 KRAKOW & SOURIS LLC
                                 225 Friend Street
                                 Boston, MA 02114
                                 (617) 723-8440

                                 /s/ Christopher N. Souris
                                 Attorney for defendants


CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be mailed this date to James F. Grosso, O'Reilly, Grosso & Gross, 1671 Worcester Road, Suite 205, Framingham, MA 01701-5400

                                 /s/ Christopher N. Souris
                                 Christopher N. Souris