UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M.R.S. ENTERPRISES, INC.            )
    Plaintiff                         )
                                      )
v.                                  )     C.A. NO. 05-40163-FDS
                                      )
SHEET METAL WORKERS' INTERNATIONAL  )
ASSOCIATION LOCAL 63, AFL-CIO       )
    Defendants                        )

FIRST AMENDED COMPLAINT

COUNT I

1.  Plaintiff, M.R.S. Enterprises, Inc. ("MRS"), is and has been at all times material herein, a corporation duly organized and existing by virtue of the laws of the State of Connecticut, with a principal place of business at 41 Northwest Drive, Plainville, Connecticut 06062.

2.  MRS, in the course and conduct of its business, causes and continuously has caused at all times herein mentioned large quantities of building equipment used by it in building construction within the State of Connecticut and the Commonwealth of Massachusetts to be purchased and transported in interstate commerce from and through various states of the United States other than the State of Connecticut and the Commonwealth of Massachusetts.  In connection with its business, MRS receives directly from points outside of the State of Connecticut and the Commonwealth of Massachusetts materials and equipment having an annual value far in excess of $50,000.00.

3.  MRS is and has, at all times material herein, been engaged in commerce within the meaning of the Labor Management Relations Act ("the Act").

4. The jurisdiction of this Court is based upon Section 301 of the Act, 29 USC §185.

5. Defendant, Sheet Metal Workers' International Association Local 63 ("Local 63") is a labor organization within the meaning of the Act with a principal place of business at 29 Endicott Street, Worcester, Massachusetts 01610.

6. At all times material herein, a collective bargaining relationship between MRS and the Sheet Metal Workers International Association (SMWIA) has been governed by a collective bargaining agreement between the parties known as the National Siding and Decking Agreement (the Agreement).

7. Pursuant to the Agreement, MRS is permitted to perform siding and decking work utilizing sheet metal workers from locals in every state including Massachusetts.

8. MRS also has a collective bargaining agreement with The International Association of Bridge, Structural and Ornamental Ironworkers, Local 57.

9. MRS was involved in a construction project at the University of Massachusetts Hospital in Worcester, Massachusetts where it installed the installation of rib panel siding and framing.

10. In early 2005 a dispute arose between MRS and Local 63 when MRS assigned the above-described installation of rib panel siding and framing to its employees represented by Iron Workers Local 57. MRS was a subcontractor to Permasteelisa, a manufacturer of rib panel siding, and the subcontract required that Iron Workers install the siding.

11. Local 63 filed a contractual grievance against MRS claiming a violation of the Agreement as a result of the assignment of the disputed work to Iron Workers.

12. A hearing was held before the Siding and Decking Arbitration Board appointed by the SMWIA and the NSDA on July 19, 2005 in Southfield, Michigan.

13.     On August 19, 2005 the Siding and Decking Arbitration Board determined that MRS had violated the Agreement by hiring Iron Workers rather than Sheet Metal Workers to perform the siding work at the University of Massachusetts Hospital project. No monetary award was issued at that time because the Union had failed to present the man-hours worked by Iron Workers on the project. The Arbitration Board retained jurisdiction to determine a monetary award if the parties could not agree on the actual hours worked within 60 days of August 19, 2005. A copy of that decision is attached hereto as Exhibit A.

14.     A hearing was held before the same Siding and Decking Arbitration Board on November 15, 2005 to hear evidence on damages.

15.     On February 15, 2006 the Siding and Decking Arbitration Board ordered MRS to pay to Local 63 $175,276.09 as damages for the lost work opportunities of its members on the University of Massachusetts Hospital project. A copy of that decision is attached hereto as Exhibit B.

16.     The Siding and Decking Arbitration Board is a board comprised of equal numbers of representatives of employers who are signatory to an agreement with the SMWIA and union representatives appointed by the President of the SMWIA. There are no neutral panelists.

17.     Due to the composition of the Siding and Decking Arbitration Board, there was evident partiality of the arbitrators.

18.     At the hearing, representatives of Local 63 admitted that they did not have so-called specialty workers to refer to MRS who were trained to install rib panel siding.

19.     Since Local 63 did not have qualified sheet metal workers to refer to MRS, there were no lost work opportunities by any members of Local 63.

20. Since there were no lost work opportunities by any members of Local 63, the Siding and Decking Arbitration Board exceeded its authority in issuing its decision ordering MRS to pay $175,276.09 to Local 63.

21. The actions of the Siding and Decking Arbitration Board were arbitrary, capricious and against the weight of the evidence presented at the hearing.

22. The Siding and Decking Arbitration Board was biased toward Local 63.

23. The Siding and Decking Arbitration Board decision must be vacated.

24. MRS has no fair, adequate and complete remedy at law.

WHEREFORE, Plaintiff prays for an Order of this Court:

1. Vacating the August 19, 2005 and February 15, 2006 decisions of the Siding and Decking Arbitration Board, determining that MRS violated the National Siding and Decking Agreement with Local 63 by assigning work related to the installation of rib panel siding to Iron Workers and awarding damages to Local 63 in the amount of $175,276.09.

2. For such further relief as this Court deems appropriate.

M.R.S. ENTERPRISES, INC.
By its Attorney

DATED: March 2, 2006

/s/ *James F. Grosso*
James F. Grosso – BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655