UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC.,           )<br>                                     )<br>     Plaintiff,                     )<br>                                     )<br>v.                                   )     C.A. NO. 05-40163-FDS<br>                                     )<br>SHEET METAL WORKERS' INTERNATIONAL )<br>ASOSCIATION LOCAL 63, AFL-CIO,       )<br>                                     )<br>     Defendant.                     )<br>_____) | |

### SHEET METAL WORKERS INTERNATIONAL ASOSCIATION LOCAL 63's ANSWER TO FIRST AMENDED COMPLAINT AND LOCAL 63's COUNTERCLAIM

Sheet Metal Workers Local 63 hereby answers the First Amended Complaint as follows:

1. Admits the allegations set forth in paragraph 1.

2. Admits the allegations set forth in paragraph 2.

3. Admits the allegations set forth in paragraph 3.

4. Admits the allegations set forth in paragraph 4.

5. Admits the allegations set forth in paragraph 5.

6. Admits the allegations set forth in paragraph 6.

7. Admits the allegations set forth in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Admits the allegations set forth in paragraph 9.

10. Admits the allegations of the first sentence except alleges that the dispute arose in 2004, and denies the allegations of the second sentence set forth in paragraph 10.

11. Admits the allegations set forth in paragraph 11.

12. Admits the allegations set forth in paragraph 12, except alleges that the hearing took place on July 18, 2005.

13. Denies the allegations set forth in paragraph 13, and refers the Court to the Board's decision for its full content and meaning.

14. Admits the allegations set forth in paragraph 14.

15. Admits that the Board issued an Award on February 15, 2006 ordering plaintiff to pay defendant $175,276.09, refers the Court to the terms of the Award itself for its content and meaning, and denies the remaining allegations set forth in paragraph 15

16. Admits the allegations set forth in paragraph 16.

17. Denies the allegations set forth in paragraphs 17 through 24.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief may be granted.

2. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## COUNTERCLAIM

For its counterclaim, defendant Sheet Metal Workers Local 63 (the "Union") alleges as follows:

1. Defendant incorporates by reference the allegations set forth in paragraphs 1 through 7, 9, the first sentence of paragraph 10, and 11 of the Amended Complaint.

2. The National Siding and Decking Agreement to which the parties were bound provides that the grievance procedures in that agreement "are the sole and exclusive remedy for any asserted breaches of this Agreement;" that grievances not resolved in

early steps of the grievance procedure may be taken by either party to the Siding and Decking Arbitration Board; that the Board consist of equal numbers of members appointed by the Union and the Employer Association; and that "the decision of the Arbitration Board shall be final and binding."

3. The Agreement also provides that the Board's awards are judicially enforceable and that "if the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorneys fees in addition to such relief as is directed by the courts."

4. A hearing was held before the Siding and Decking Arbitration Board on July 18, 2005.

5. The Arbitration Board issues an Award on August 19, 2005 on the issue of liability and retained jurisdiction on the issue of damages in the event the parties were unable to agree on damages.

6. A hearing was held before the Siding and Decking Arbitration Board on November 15, 2005 on the issue of damages, at which a representative of defendant but not plaintiff was present.

7. The Arbitration Board issued an Award on February 15, 2006 on the issue of damages, awarding the Union $175,276.09.

8. The Board's August 19, 2005 and February 15, 2006 decisions are final and binding awards and are enforceable under 29 U.S.C. §185.

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing plaintiff's complaint; confirming the Arbitration Board's August 19, 2005 and February 15, 2006 decisions; directing plaintiff to comply with those decisions; and

early steps of the grievance procedure may be taken by either party to the Siding and Decking Arbitration Board; that the Board consist of equal numbers of members appointed by the Union and the Employer Association; and that "the decision of the Arbitration Board shall be final and binding."

3. The Agreement also provides that the Board's awards are judicially enforceable and that "if the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorneys fees in addition to such relief as is directed by the courts."

4. A hearing was held before the Siding and Decking Arbitration Board on July 18, 2005.

5. The Arbitration Board issues an Award on August 19, 2005 on the issue of liability and retained jurisdiction on the issue of damages in the event the parties were unable to agree on damages.

6. A hearing was held before the Siding and Decking Arbitration Board on November 15, 2005 on the issue of damages, at which a representative of defendant but not plaintiff was present.

7. The Arbitration Board issued an Award on February 15, 2006 on the issue of damages, awarding the Union $175,276.09.

8. The Board's August 19, 2005 and February 15, 2006 decisions are final and binding awards and are enforceable under 29 U.S.C. §185.

WHEREFORE, defendant respectfully requests that this Court enter judgment dismissing plaintiff's complaint; confirming the Arbitration Board's August 19, 2005 and February 15, 2006 decisions; directing plaintiff to comply with those decisions; and

awarding Local 63 its costs and attorneys fees in connection with this judicial proceeding in accordance with the parties' collective bargaining agreement and 29 U.S.C. §185.

Dated: March 7, 2006

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

_____
Attorney for defendant

## CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be mailed this date to James F. Grosso, O'Reilly, Grosso & Gross, 1671 Worcester Road, Suite 205, Framingham, MA 01701-5400

_____
Christopher N. Souris

4