UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M.R.S. ENTERPRISES, INC.,          )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )     C.A. NO. 05-40163-FDS
                                   )
SHEET METAL WORKERS' INTERNATIONAL )
ASSOCIATION LOCAL 63, AFL-CIO,     )
                                   )
    Defendant.                     )
                                   )

## LOCAL 63's STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Sheet Metal Workers Local 63 respectfully submits this statement of undisputed material facts in accordance with Local Rule 56.1 in support of its motion for summary judgment.

1. Plaintiff M.R.S. Enterprises, Inc. is an employer within the meaning of the Labor Management Relations Act, 29 U.S.C. §152(2). (Complaint ¶3; Answer ¶3).

2. Sheet Metal Workers International Association Local 63 is a labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. §152(5). (Complaint ¶5; Answer ¶5).

3. At all relevant times, M.R.S. and Local 63 were bound by a collective bargaining agreement known as the National Siding and Decking Agreement. (Complaint ¶6; Answer ¶6).

4. Local 63 filed a grievance under the Agreement alleging that M.R.S. violated the Agreement by failing to hire sheet metal workers represented by Local 63 for certain work performed on a construction project in Worcester, Massachusetts. (Complaint ¶9-11; Answer ¶9-11).

5. The Agreement provides that grievances that are not resolved in the lower steps of the contractual grievance process are submitted for "final and binding" resolution to a Siding and Decking Arbitration Board, consisting of equal numbers of members appointed by the Sheet Metal Workers International Association and by the National Association of Siding and Decking Contractors:

> **SECTION 3.** Step 3. Grievances not settled as provided in Section 2 of this Article may be appealed jointly or by either party to the Siding and Decking Arbitration Board ("Arbitration Board"). The Arbitration Board shall consist of three (3) members appointed by the Union and three (3) members appointed by the Association. Submissions shall be made and decisions rendered under such procedures as may be prescribed by such Board. Appeals to the Arbitration Board shall be submitted within thirty (30) days after termination of the procedures described in Section 2 of this Article. The decision of the Arbitration Board shall be final and binding.
>
> **SECTION 4.** In the event of a non-compliance within thirty (30) calendar days following the mailing of a decision of the Siding and Decking Grievance Panel or the Siding and Decking Arbitration Board, a local party may enforce the award by any means including proceedings in a court of competent jurisdiction in accord with applicable state and federal law. If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such relief as is directed by the courts.

(Andrews Decl., Exh. A at 23-25, Article X).

6. The Arbitration Board conducted a hearing on Local 63's grievance on July 18, 2005, at which representatives of both M.R.S. and Local 63 attended.

7. At the hearing, M.R.S.' representative, Roland Levesque, Sr., asked for clarification as to the status of one of the three union designees who had been appointed to the Arbitrator Board. The chairman of the Arbitration Board explained that there were supposed to be six Board members, three from each side, but one of the management members was unable to attend the hearing and that, as a result, only two designees from each side would serve on the Arbitration Board and the union-designed board member about whom Mr. Levesque had inquired would not have a vote in the matter:

2

> At this time, Mr. Levesque asked for clarification as to whether or not Mr. McClees was on the Arbitration Board. Chairman Pellar stated that originally there was to be six panelists, three for management and three for the union, however, one of management's panelists was unable to attend the hearing. As such, it was agreed that there would be a total of four panelists and that Mr. McClees would not have a vote in this matter. Chairman Pellar advised Mr. Levesque that if he would prefer, Mr. McClees would be excused from the hearing and all of his comments would be stricken from the record. Mr. Levesque stated that that was not necessary.

(Andrews Decl., Exh. B at 2).

8. Mr. Levesque made no further inquiry or objection concerning the composition of the Arbitration Board at the hearing on July 18, 2005. (Id.).

9. On July 19, 2005 the Arbitration Board issued a decision. (Andrews Decl., Exh. B).

10. In its decision, the Arbitration Board bifurcated the issues of liability and damages, and found that M.R.S. had violated the Agreement by failing to hire Local 63 members on the Worcester project. (Id. at 4-5).

11. The Arbitration Board in its decision further noted that there was insufficient evidence from either party on the question of damages and it directed that, in the event the parties were unable to agree on the amount of damages, it would conduct a further hearing on the question of damages:

> As no man hours were submitted by either the local or Mr. Levesque concerning this project, the Arbitration Board determined that it will retain jurisdiction of this matter to allow the parties to work out damages. If the parties are not able to resolve damages within 60 days from the date specified below, they are each required to submit a position statement to the Arbitration Board and a hearing will be held with respect to this matter.

(Id. at 5).

12. The parties were unable to agree on damages and the Arbitration Board reconvened and conducted a hearing on the issue of damages on November 15, 2005. (Andrews Decl., Exh. C, at 1).

3

13. At the November 15 hearing, a representative from Local 63 was present but no representative of M.R.S. attended. (Id.; Andrews Decl., ¶6-7).

14. At the November 15 hearing, Local 63 introduced evidence and made its case for a monetary award. (Andrews Decl., Exh. C at 2; Andrews Decl., ¶6-7).

15. The payroll records introduced by Local 63 and on which it based its argument for damages at the November 15 hearing had been previously forwarded to M.R.S. by the National Siding and Decking Association on September 21, 2005 for comment; however, the Association had no response from M.R.S. by the time of the hearing. (Andrews Decl., Exh. C at 2).

16. On February 15, 2006, the Arbitration Board issued an award of monetary damages in favor of Local 63 in the amount of $175,276.09, payable to the retirement, health, training and other fringe benefit funds. (Andrews Decl., Exh. C).

17. The materials M.R.S. cites in support of paragraph 4 of its statement of undisputed material facts do not support its assertion there that the Agreement permits M.R.S. to use "sheet metal *specialty* workers" from locals throughout the country. Rather, they only support the assertion that the Agreement allows M.RS. to use "sheet metal workers" from the various local unions. (Complaint ¶7).

Dated: June 1, 2006

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

_____
Attorney for defendant Sheet Metal Workers'
International Association Local 63, AFL-CIO

CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be mailed this date to James F. Grosso, O'Reilly, Grosso & Gross, 1671 Worcester Road, Suite 205, Framingham, MA 01701-5400

_____
Christopher N. Souris