UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 05-40163-FDS |
| ) | |
| SHEET METAL WORKERS' INTERNATIONAL ) | |
| ASSOCIATION LOCAL 63, AFL-CIO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### LOCAL 63'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Local 63 respectfully submits the attached documents in connection with a decision in another case that was issued after Local 63 filed its memorandum in opposition to plaintiffs motion for summary judgment and in support of its cross-motion for summary judgment. The decision is directly relevant to the issues that are pending in this case.

The other case involved an action to vacate an arbitration award filed by the plaintiff in this case, M.R.S. Enterprises, Inc., against a sister local of the Sheet Metal Workers International Association in the federal district court in Connecticut. *M.R.S. Enterprises, Inc. v. Sheet Metal Workers International Association Local 38, AFL-CIO*, Docket No. 05-01466 (D. CT).

The underlying arbitration award at issue in that case was, literally, the same award that is at issue in this case. Both Local 63 and Local 38 had filed separate but similar grievances against MRS. The Siding and Decking Arbitration Board heard the two grievances as companion cases on the same day, and the Board issued a single award covering both grievances. MRS's action against Local 38 thus involved the same arbitration award as that involved in this case, and MRS raised the same arguments in that case as it raises in this case.

As a result, the court's decision in that case could hardly be more relevant to the issues that are before this Court on the pending cross-motions for summary judgment.

On June 5, 2006, several days after Local 63 filed its memorandum in this case, the court in the Local 38 case held a hearing on the parties' cross-motions for summary judgment. On that date, the court issued a bench ruling denying MRS's motion, granting Local 38's cross- motion, and awarding Local 38 its attorneys fees and costs. The court, however, did not issue a written memorandum or opinion. Local 63 immediately arranged to order a transcript of the hearing, but the court reporter has not produced it yet and it has become apparent that it will likely will not be available before the hearing in this case.

Accordingly, Local 63 respectfully attaches a copy of the complaint and the judgment entered in the Local 38 case. In the event Local 63 receives the transcript of the hearing in the Local 38 case before the hearing that is scheduled for July 12 in this case, it will submit it to this Court. Counsel for MRS in this case also represented MRS in the Local 38 case and is therefore already fully aware of the court's determinations in that case.

Dated: July 10, 2006

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

_____
Attorney for defendant Local 63

## CERTIFICATE OF SERVICE

    I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be served by electronic and regular mail this date to James F. Grosso, O'Reilly, Grosso & Gross, 1671 Worcester Road, Suite 205, Framingham, MA 01701-5400

_____
Christopher N. Souris

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| M.R.S. ENTERPRISES, INC. )<br>Plaintiff )<br>)<br>v. )<br>) C.A. NO. 3:05cv1466(MRK)<br>)<br>SHEET METAL WORKERS' INTERNATIONAL )<br>ASSOCIATION LOCAL 38, AFL-CIO )<br>Defendants ) | |

### FIRST AMENDED COMPLAINT

### COUNT I

1. Plaintiff, M.R.S. Enterprises, Inc. ("MRS"), is and has been at all times material herein, a corporation duly organized and existing by virtue of the laws of the State of Connecticut, with a principal place of business in Plainville, Connecticut.

2. MRS, in the course and conduct of its business, causes and continuously has caused at all times herein mentioned large quantities of building equipment used by it in building construction within the State of Connecticut to be purchased and transported in interstate commerce from and through various states of the United States other than the State of Connecticut. In connection with its business, MRS receives directly from points outside of the State of Connecticut materials and equipment having an annual value far in excess of $50,000.00.

3.      MRS is and has, at all times material herein, been engaged in commerce within the meaning of the Labor Management Relations Act ("the Act").

4.      The jurisdiction of this Court is based upon Section 301 of the Act, 29 USC §185.

5.      Defendant, Sheet Metal Workers' International Association Local 38 ("Local 38") is a labor organization within the meaning of the Act with a principal place of business in Brewster, New York.

6.      At all times material herein, a collective bargaining relationship between MRS and the Sheet Metal Workers International Association (SMWIA) has been governed by a collective bargaining agreement between the parties known as the National Siding and Decking Agreement (the Agreement).

7.      Pursuant to the Agreement, MRS is permitted to perform siding and decking work utilizing sheet metal workers from locals in every state including Connecticut.

8.      MRS was involved in a construction project at the Greenwich Hospital in Greenwich, Connecticut. The MRS subcontract on that project involved the installation of light gauge metal framing and composition metal panel siding. MRS's work on this project is considered the installation of a composition metal panel siding system.

9.      MRS was involved in a construction project at Unilever in Trumbull, Connecticut. The MRS subcontract on that project involved the installation of a composition metal panel siding system.

10.     The projects at Greenwich and Trumbull, Connecticut were within the geographic jurisdiction of Local 38.

11.     On or about late July, early August 2005, a dispute arose on both the Greenwich Hospital project and the Unilever project between MRS and Local 38 when MRS assigned the above-

described installation of composition metal panel siding to employees represented by both Local 38 and Carpenters.

12. MRS also has a collective bargaining agreement with the New England Regional Council of Carpenters that covers all six New England states and expires on August 31, 2009.

13. Local 38 filed a contractual grievance against MRS, claiming a violation of the Agreement as a result of the assignment of the disputed work to a composite crew of Sheet Metal Workers and Carpenters.

14. A hearing was held before the Siding and Decking Arbitration Board appointed by the SMWIA and the National Siding and Decking Association (NSDA) on July 19, 2005 in Southfield, Michigan.

15. On August 19, 2005, the Siding and Decking Arbitration Board awarded Local 38 $20,576.08 in lost wages and benefits on the Greenwich Hospital project and $85,663.68 on the Unilever project. A copy of that decision is appended hereto as Exhibit A.

16. The Siding and Decking Arbitration Board is a board comprised of equal numbers of representatives of employers who are signatory to an agreement with the SMWIA and union representatives appointed by the President of the SMWIA. There are no neutral panelists.

17. Due to the composition of the Siding and Decking Arbitration Board, there was evident partiality of the arbitrators.

18. The Siding and Decking Arbitration Board exceeded its authority in issuing its decisions ordering MRS to pay monetary damages to Local 38.

19. The Siding and Decking Arbitration Board decision must be vacated.

20. MRS has no fair, adequate and complete remedy at law.

WHEREFORE, Plaintiff pray for an Order of this Court:

1. Vacating the August 19, 2005 determination of the Siding and Decking Arbitration Board, determining that MRS violated the National Siding and Decking Agreement with Local 38 by assigning work related to the installation of composition metal panel siding to a composite crew of Sheet Metal Workers and Carpenters.

2. For such further relief as this Court deems appropriate.

M.R.S. ENTERPRISES, INC.<br>
By its Attorney Pro Hac Vice,

DATED: November 9, 2005
            /s/ James F. Grosso
James F. Grosso – BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

M.R.S. ENTERPRISES, INC.,                     :
                                              :
         Plaintiff,                           :    NO. 3:05 CV 1466 (MRK)
                                              :
v.                                            :
                                              :
SHEET METAL WORKERS'                          :
INTERNATIONAL ASSOCIATION                     :
LOCAL 38, AFL-CIO,                            :
                                              :
         Defendant.                           :

## JUDGMENT

This matter came on for consideration of cross Motions for Summary Judgment before the Honorable Mark R. Kravitz, United States District Judge.

The Court has reviewed all of the papers filed in conjunction with the motions and at a hearing on June 5, 2006, granted the defendant's Motion for Summary Judgment and denied the plaintiff's Motion for Summary Judgment. On June 7, 2006, a Stipulation for Payment of defendant's Attorney's Fees and Costs was filed. On June 8, 2006, an Order entered approving the Stipulation in the amount of $14,250.00 in attorneys fees, and costs of $22.16, for a total of $14,272.16, to be paid by July 8, 2006.

It is therefore ORDERED and ADJUDGED that judgment is entered for the defendant and attorney's fees are awarded to the defendant in the amount of $14,250.00 and costs in the amount of $22.16 for a total of $14,272.16 and the case is closed.

Dated at New Haven, Connecticut, this 12th of June, 2006.

                                    KEVIN F. ROWE, CLERK

                                    By /s/ Kenneth R. Ghilardi
EOD: _____         Deputy Clerk