UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHEET METAL WORKERS' INTERNATIONAL )<br>ASSOCIATION LOCAL 63, AFL-CIO, )<br>)<br>Defendant. )<br>_____) | C.A. NO. 05-40163-FDS |

## DEFENDANT'S SUPPLEMENTAL STATEMENT
## OF POSITION WITH RESPECT TO ATTORNEYS FEES

This case consists of an action by the plaintiff M.R.S. Enterprises, Inc. to vacate a labor arbitration award, together with a counter claim by defendant Sheet Metal Workers Local 63 to enforce the award and for costs and attorneys fees. The case came before this Court on cross motions for summary judgment. At a hearing on July 12, 2006, this Court ruled from the bench denying MRS's motion for summary judgment to vacate the award and granting Local 63's motion for summary judgment to enforce the award. The Court, however, deferred ruling on Local 63's request for an award of attorneys fees pending supplemental submissions by the parties. The following is Local 63's supplemental statement of position on the question of attorneys fees.

The Court indicated during the hearing that the parties were free to address both the question of the entitlement to attorneys fees as well as the amount of fees involved in the claim. Since the date of the hearing, the parties have stipulated to the amount of Local 63's attorneys fees. Accompanying this statement of position is a formal stipulation that Local 63's reasonable attorneys fees in connection with this action are $13,538.75.

As to the question of Local 63's entitlement to fees, Local 63 argued in its summary judgment submissions that both federal labor law and the express terms of the parties' collective bargaining agreement provide two separate and independent bases for an award of attorneys fees. Local 63 will not repeat those arguments here, and makes only two additional points.

First, in granting Local 63's motion for summary judgment, this Court noted during the hearing that national labor policy strongly encourages the arbitration of labor disputes and leaves courts with a very circumscribed role in reviewing labor arbitration awards. As previously noted, the issues in this case were not even close. Attached as Exhibit A to this Statement is the transcript of the summary judgment hearing in the companion case MRS brought in Connecticut to vacate the other part of the same award that is at issue in this case involving a sister Sheet Metal Workers local union. The transcript of the hearing in Connecticut finally became available after the July 12 hearing in this case. The collective bargaining agreement involved in this case is the same agreement that governed the award in the Connecticut case and, indeed, the award itself in this case encompasses both Local 63's grievance and the similar grievance of the sister Local in Connecticut.

MRS made essentially the same arguments in the Connecticut case as it made here, and the court in that case similarly had no difficulty reaching essentially the same conclusions this Court reached on the merits of MRS's claims. MRS's action to vacate the award was entirely baseless because MRS waived its claims under the clear, unambiguous, and repeated holdings of this circuit. This kind of dilatory conduct completely undermines the fundamental purpose of the national labor policy of arbitrating rather than litigating labor disputes. This is precisely the kind of case that mandates an award of costs and attorneys fees under Section 301 of the Labor Management Relations Act.

Second, the other of the two independent bases for Local 63's entitlement to fees is the parties' own collective bargaining agreement, which expressly provides that a party that fails to comply with an arbitration award shall be obligated to pay the other side's costs and attorneys fees as part of the remedy in any litigation to enforce the award in court.  MRS expressly conceded in the litigation in the Connecticut case that the collective bargaining agreement, which is the same agreement that governs this case, obligates it to pay the Union's costs and attorneys fees in proceedings to enforce that award:

> THE COURT:  … Do you agree with your opponent that were I to rule in his favor, under the collective bargaining agreement, he would be entitled to attorneys fees and costs?
>
> MR. GROSSO:  Yes, I do, your Honor.  If you were to find for the defendant in this case, I would just want to review the hours and make sure they were fair and reasonable.

(Tr. 13-14).  As a result of MRS's concession that the parties' collective bargaining agreement entitles the prevailing union to attorneys fees and costs, together with MRS's stipulation that the attorneys fees Local 63 claims in this case are fair and reasonable, there is no remaining question about the Union's entitlement to fees in this case.

## CONCLUSION

For the foregoing reasons, Local 63's motion for summary judgment on the question of attorneys fees should be granted, and this Court should enter judgment in favor of Local 63 in the amount of $188,814.84, representing the principal amount of $175,276.09 which is due under the arbitration award and $13,538.75 in stipulated attorneys fees.

Dated: August 18, 2006

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

_____
Attorney for defendant Sheet Metal Workers
Local 63

## CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be served electronically on this date on James F. Grosso, O'Reilly, Grosso & Gross, 1671 Worcester Road, Suite 205, Framingham, MA 01701-5400

_____
Christopher N. Souris